Marty G. Baker, Esq. (AZ Bar No. 025278)
Macie J. Hawkes, Esq. (AZ Bar No. 026012)
THE COOPER CASTLE LAW FIRM, LLP
A Multi-Jurisdictional Law Firm
22601 North 19th Avenue, Suite 201
Phoenix, Arizona 85027
(623) 582-1222
File No.: 8261.30032

Attorneys for Deutsche Bank National Trust Company, as Indenture Trustee for New Century Alternative Mortgage Loan Trust 2006-ALT1; Servicer: AMERICA'S SERVICING COMPANY its successors and or assigns

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA - TUCSON DIVISION

| | |
|---|---|
| IN RE:<br><br>ANTOINE SIMON AND<br>VIVIAN SIMON<br><br><br><br>DEBTORS. | Case No.: 08-00529-EWH<br><br>Chapter: 13<br><br>MOTION FOR RELIEF FROM<br>AUTOMATIC STAY<br>(11 U.S.C. § 362 and Bankruptcy Rule 4001) |
| Deutsche Bank National Trust Company, as Indenture Trustee for New Century Alternative Mortgage Loan Trust 2006-ALT1; Servicer: AMERICA'S SERVICING COMPANY, its successors and or assigns<br><br>Movant,<br><br>v.<br><br>ANTOINE SIMON, VIVIAN SIMON, Debtors; and Dianne C. Kerns, Chapter 13 Trustee<br><br>Respondents. | |

TO THE RESPONDENTS NAMED ABOVE:

Deutsche Bank National Trust Company, as Indenture Trustee for New Century Alternative Mortgage Loan Trust 2006-ALT1; Servicer: AMERICA'S SERVICING COMPANY, its successors and/or assigns ("Movant"), respectfully represents as follows:

## RELIEF FROM STAY –CAUSE
## FAILURE TO MAKE POST-PETITION PAYMENTS

1. This court has jurisdiction over the subject matter of this Motion pursuant to the provisions of 28 United States Code § 157, 1334, and 11 United States Code § 362.

2. On or about January 18, 2008, Antoine Simon and Vivian Simon ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code. Dianne C. Kerns is the appointed Chapter 13 Trustee.

3. On or about May 3, 2006, Debtors, for valuable consideration, made, executed, and delivered a Note in the principal amount of $747,500.00 (the "Note"). Pursuant to the Note, Debtors are obligated to make monthly principal and interest payments commencing July 1, 2006, and continuing until June 1, 2036, when all outstanding amounts are due and payable. A true and correct copy of the Note is attached as exhibit "A" to the Motion for Relief from Stay and incorporated herein by reference.

4. On or about May 3, 2006, Debtors made, executed, and delivered a Deed of Trust (the "Deed of Trust") granting a security interest in certain real property located at 4438 East Pinnacle Ridge Place, Tucson, AZ, 85718 (hereinafter "Real Property"), which is more fully described in the Deed of Trust. The Deed of Trust provides that attorney's fees and costs incurred as a result of the Debtors' bankruptcy case may be included in the outstanding balance under the Note. The Deed of Trust was recorded May 5, 2006, in the Official Records of Pima County, State of Arizona. A true and correct copy of the Deed of Trust is attached hereto as exhibit "B" to the Motion for Relief from Stay and incorporated herein by reference.

5. The Note is currently owned by DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR NEW CENTURY ALTERNATIVE MORTGAGE LOAN TRUST 2006-ALT1. The Assignment of Deed of Trust was recorded

January 13, 2009, in the Official Records of Pima County, State of Arizona. A true and correct copy of the Assignment of Deed of Trust is attached hereto as Exhibit "C" to the Motion for Relief from Stay and incorporated herein by reference.

6. On or about May 8, 2006, AMERICA'S SERVICING COMPANY acquired the servicing rights to the Note from DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR NEW CENTURY ALTERNATIVE MORTGAGE LOAN TRUST 2006-ALT1, and the Debtors were notified of the transfer of servicing rights in accordance with applicable federal law. Due to the confidential information contained in the servicing agreement regarding numerous other borrowers and loans, the servicing agreement should not be filed or made a part of the record. AMERICA'S SERVICING COMPANY will provide a copy of the servicing agreement for viewing by the presiding Judge if so requested.

7. As of January 21, 2009, the total amount owing under the Note is the approximate sum of $755,564.83, representing the principal balance of $737,799.34, interest in the sum of $16,850.01, and late charges in the amount of $915.48. Further, Movant has incurred additional post-petition attorneys' fees and costs in bringing the instant Motion.

8. Pursuant to 11 United States Code § 1355, and the Debtors' Chapter 13 Plan, the Debtors are obligated to make all post-petition payments owing on the Note directly to Movant. However, Movant has not received the post-petition payments owing for June1, 2008, through January 1, 2009. Accordingly, the post-petition arrears owing under the Note are in the approximate sum of $43,348.85, consisting of 8 payments of $5,332.78 each, and late charges at $686.61, excluding the post-petition attorneys' fees and costs incurred in filing the instant Motion. Further, the February 1, 2009, post-petition payment will have come due by the time of any hearing on this Motion.

9. A debtor's failure to make post-petition mortgage payments as they become due in a Chapter 13 case constitutes "cause" for the relief from the automatic stay pursuant to 11 United States Code § 362(d)(1). In re Ellis, 60 B.R. 435 (9th Cir. 1985). Accordingly, as the Debtors have

failed to make post-petition payments under the Note, Movant is entitled to relief from the automatic stay pursuant to 11 United States Code § 362(d)(1).

## RELIEF FROM STAY

## LACK OF EQUITY

10. Movant is informed and believes that, based on the Debtors' bankruptcy Schedules, the fair market value of the Real Property is no more than $850,000.00. True and correct copies of Debtors' bankruptcy Schedules A and D are collectively attached hereto as Exhibit "D" and incorporated herein by reference.

11. Based on the above, under the best case scenario, Movant is informed and believes that the equity in the Real Property is as follows:

| | |
|---|---:|
| Fair Market Value | $850,000.00 |
| Less: | |
| Movant's Deed of Trust | $755,564.83 |
| Cost of Sale (8%) | $68,000.00 |
| Second Lien Holder: CitiMortgage | $142,172.82 |
| Negative Equity in Property: | (-)$115,737.65 |

As a result, there is little to no equity in the Real Property to be realized by the Debtors or the bankruptcy estate. Further, as the Debtors are unable to service the debt on the Real Property, Movant contends that the Real Property is not necessary for an effective reorganization. Therefore, Movant is entitled to relief from the stay under 11 United States Code § 362(d)(2).

12. If Movant is not allowed to regain possession of and to foreclose on the Real Property it will suffer irreparable injury, loss, and damage.

## RELIEF FROM STAY-CAUSE
## ADEQUATE PROTECTION

13. Pursuant to the provisions of 11 United States Code § 361 and 362(d), Movant is entitled to adequate protection of its interest in the Real Property.

14. Movant submits that adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus repayment of any and all delinquent amounts owed to Movant, including all attorney's fees and costs incurred in the filing of this motion.

15. Movant is informed and believes that Debtors are presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

16. By reason of the foregoing, Movant is entitled to relief from the stay under 11 United States Code § 362(d)(1), based upon the failure of Debtors to provide adequate protection to Movant.

WHEREFORE, Movant respectfully prays for an Order of this court as follows:

1. Terminating the automatic stay as it applies to the enforcement by Movant of all its rights to the Real Property under the Note and Deed of Trust;

2. Granting Movant leave to foreclose on the Real Property and to enforce the security interest under the Note and Deed of Trust, including any action necessary to obtain possession of the Property;

3. Permitting Movant to offer and provide Debtors with information regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement and to enter into such agreement with Debtors;

4. Alternatively, in the event that the court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued, requiring the Debtors to reinstate and maintain in a current condition all obligations due under the Note and Deed of Trust and all other deeds of trust encumbering the Property, including Debtors' obligations to pay when due (a) the monthly installments of principal and interest, as required under the Note; (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtors in order to

protect Movant's interest in the Property, including all attorneys' fees and costs in the filing of this motion;

5. That the attorneys' fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law; and

6. For such other and further relief as the court deems just and proper.

Dated: January 21, 2009

_____
Marty G. Baker, Esq.
Macie J. Hawkes, Esq.
Attorneys for Deutsche Bank National Trust Company, as Indenture Trustee for New Century Alternative Mortgage Loan Trust 2006-ALT1;
Servicer: AMERICA'S SERVICING COMPANY