**ORDERED.**

Dated: September 10, 2009



_____
**EILEEN W. HOLLOWELL**
**U.S. Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 |
| ANTOINE SIMON and VIVIAN SIMON, | Case No. 4-08-bk-00529-EWH |
| | **ORDER TO SHOW CAUSE** |
| Debtors. | |

On January 27, 2009, Deutsche Bank National Trust Company ("Deutsche Bank") and America's Servicing Company ("America's Servicing") jointly filed a motion for relief from stay ("Motion") in which Deutsche Bank asserts it is the holder of a note secured by a deed of trust on real property owed by the Debtors and that America's Servicing is the servicer of the note.

On March 5, 2009, at a preliminary hearing on the Motion, the Debtors indicated that they had applied for a loan modification. Counsel for Deutsche Bank/America's Servicing stated that no request for a loan modification had been received from the Debtors. The court stated it would issued a 30-day "drop dead" order requiring that any arrears on the note be paid in 30 days or the automatic stay would lift. The court also stated that the Debtors could request reconsideration of the lift stay order if they

provided evidence of their communications with America's Servicing regarding a loan modification.

On March 20, 2009, the Debtors filed a motion for reconsideration ("Motion for Reconsideration") of the 30-day "drop dead" order. In the Motion for Reconsideration, the Debtors stated that on February 13, 2009, they called America's Servicing to request a loan modification. The Debtors asserted that they were informed by a representative of America's Servicing that to obtain a mortgage modification they needed to provide certain documentation and make a payment of $5,500.00. The Debtors claimed that they then faxed the requested documents to America's Servicing on February 13, 2009 and made the $5,500.00 payment on February 24, 2009. The Debtors attached copies of phone records, fax records, and evidence of making the $5,500.00 payment to the Motion for Reconsideration. A letter written by the Debtors was also attached indicating that the Debtors contacted America's Servicing on March 10, 2009 and were told that America's Servicing had not received their February 13, 2009 fax. That letter further states that the Debtors responded by again faxing the requested documents to America's Servicing on March 12, 2009.

On March 25, 2009, Deutsche Bank/America's Servicing filed a response to the Motion for Reconsideration stating that the Debtors' loan modification application had not been reviewed because the Debtor had not submitted adequate proof of income.

The court held a hearing on the Debtors' Motion for Reconsideration on March 27, 2009. At the hearing, the court reimposed the automatic stay and set a continued hearing on the Motion and on the status of the loan modification. The court

also directed the Debtors to continue making monthly payments to America's Servicing in the amount of $5,400.00.

At the continued hearing on May 7, 2009, the Debtors indicated they had contacted the U.S. Department of Housing and Urban Development ("HUD") to obtain a free service provided by HUD to assist homeowners with completion of loan modifications. HUD referred the Debtors to a HUD approved counseling agency; Administration of Resources and Choices ("ARC"). The Debtors also stated that they had made the April loan payment, but not the May payment. The court continued the hearing to June 9, 2009. The court also ordered the Debtors to file a notice of making the May payment within the next five days or counsel for Deutsche Bank/America's Servicing could upload an order lifting the stay. The Debtors filed a notice of making the May loan payment on May 12, 2009.

At the June 9, 2009 hearing, counsel for Deutsche Bank/America's Servicing stated that the Debtors' application for a loan modification was denied on April 15, 2009 due to the Debtors' failure to file a statement of income. No explanation was provided for why that information was not provided at the hearing on May 7, 2009. The Debtors stated; however, that they were informed by the representative of ARC working on the loan modification that he was confident the loan modification would be approved. The hearing was continued to July 29, 2009 to determine if the loan modification was still being considered by Deutsche Bank/America's Servicing.

At the July 29, 2009 hearing, the Debtors presented a letter dated July 20, 2009 ("July 20th Letter") from the ARC representative assigned to work on the Debtors' loan modification. The letter states that on June 12, 2009, America's Servicing was

3

contacted by the ARC representative regarding the status of the Debtors' loan modification and the ARC representative was informed that the Debtors were not currently under consideration for a loan modification, but they could be evaluated for a modification provided they submit certain documentation.  Also, at the July 29, 2009 hearing, the Debtors' counsel stated the Debtors had already provided to the ARC representative the required documentation.  However, counsel for Deutsche Bank/America's Servicing stated that there was currently no loan modification under review because the appropriate paperwork had not been submitted to have the April 15, 2009 loan modification denial reconsidered.  The court asked counsel for Deutsche Bank/America's Servicing if there was a writing which confirmed his statement and was informed there was not.  The court continued the matter for the fifth time to September 3, 2009 and directed the Debtors' to continue making mortgage payments.

At the continued hearing on September 3, 2009, the Debtors indicated they had received written notice that the loan modification had been denied, but then on September 1, 2009 received a phone call from a representative of America's Servicing stating that the loan modification was still under review.  Counsel for Deutsche Bank/America's Servicing was unable to provide any additional information about the status of the Debtors' loan modification application, but stated that America's Servicing, rather than Deutsche Bank, was the party best able to inform the court about whether the Debtors' loan modification was still pending.

IT IS, THEREFORE, ORDERED that America's Servicing appear on October 7, 2009 at 1:30 P.M. at **United States Bankruptcy Court, 38 South Scott Ave.,**

4

**Courtroom 430, Tucson, AZ 85701** and explain through a senior officer in charge of its home loan modification department the current status of the Debtors' requested loan modification as well as what actions America's Servicing has taken between March 20, 2009 and October 7, 2009 to respond to the Debtors' request for a loan modification. The America's Servicing senior loan modification officer shall appear in person, having fully reviewed the Debtors' loan file, and come prepared to testify as to America's Servicing and Deutsche Banks' policies, standards, and requirements for granting a loan modification and whether the Debtors do or do not qualify for such a modification.

Dated and signed above.

Notice to be sent through the
Bankruptcy Noticing Center "BNC"
to the following:

Antoine Simon
Vivian Simon
4438 East Pinnacle Ridge Place
Tucson, AZ  85718

Eric Slocum Sparks, Esq.
110 South Church Ave. #2270
Tucson, AZ  85701

Marty G. Baker, Esq.
Routh Castle Cooper Olsen, LLC
A Multi-Jurisdictional law Firm
22601 North 19th Avenue, Suite 201
Phoenix, AZ  85027


Dianne C. Kerns
Chapter 13 Trustee
7320 North La Cholla #154 PMB 413
Tucson, AZ  85741-2305

5

Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003

6